This is an appeal of a DUI conviction and sentence in Medina Municipal Court. The Defendant-appellant assigns three errors:
I.
 THE TRIAL COURT ERRED IN WHEN IT ALLOWED SGT. MEDING TO TESTIFY AT THE TRIAL ABOUT HIS ADMINISTRATION OF THE HORIZONTAL GAZE NYSTAMUS (sic) TEST TO APPELLANT.
II.
 THE TRIAL COURT ERRED IN WHEN IT ALLOWED SGT. MEDING TO TESTIFY AT THE TRIAL ABOUT THE RESULTS OF THE HORIZONTAL GAZE NYSTAMUS (sic) TEST TO HE GAVE TO APPELLANT.
III.
 THE TRIAL COURT ERRED IN WHEN IT ALLOWED SGT. MEDING TO TESTIFY AT THE TRIAL ABOUT HIS OPINION AS THE MEANING OF THE SIX OUT OF SIX SCORE ON THE HORIZONTAL GAZE NYSTAMUS (sic) TEST TO APPELLANT.
The charges in this case were presented to a jury. In direct testimony the arresting officer testified as to his schooling at the State Highway Patrol Academy (where a portion of the studies dealt with DUI investigations), a "detection of impaired drivers' school" in both 1976 and 1988. At the last school it was "primarily a class for horizontal gaze nystagmus testing, which was just coming into vogue at that time." T. 25, 26. He also has had training and is a senior operator for the Smith and Wesson breathalyzer, T. 26, and the CMI 5000 instrument. T. 27. The officer has taught DUI at the basic law enforcement academy at Medina Joint Vocational Center.
The officer stopped the Appellant after observing a traffic light violation. The car did not stop at first signal but was followed for approximately .3 miles before it stopped in the parking lot of a McDonalds. T. 29, 30. He noticed a "strong odor of alcoholic beverage coming from Mr. Cheyney as I spoke with him [through the open car window]. I also noted that his eyes were very bloodshot." T. 33. Appellant, when asked, denied he had anything to drink. T. 34. When the appellant got out of the car he administered "physical coordination tests, the field sobriety tests[.]" T. 34, 35.
 Q. Have you been trained in the administration of those tests?
A. Yes, sir.
 Q. Okay. When you administer those tests, Sergeant, do you normally do them in a certain sequence?
A. Yes. T. 35.
Because of the ice and snowy conditions the officer eliminated the walking and turning tests. He described in substantial detail the other tests and the conduct of the Appellant.
Thereafter the officer testified that he administered a horizontal gaze nystagmus test.
 Q. Okay. Now, have you been trained in the administration of the horizontal gaze nystagmus?
A. Yes, sir. T. 38.
Thereafter the officer described in detail the content and function of the test. T.38-40. Bench conference was held concerning the applicability of State v. Bresson (1990),51 Ohio St.3d 123. Thereafter the officer testified as to the specifics of what was done in administration of the test and the actions and reactions of the Appellant, after which he concluded that Appellant scored six (6) points on the test.
 Q. No, based on your training and your experience relative to that singular test, what does that six out of six mean to you?
Mr. Campbell: Objection.
The Court: Overruled based on my prior ruling.
 A. It indicates that there's over an 80 percent probability that the subject is under the influence of alcohol. T. 46, 47.
Thereafter the officer was questioned about his experience and his observations of Appellant and concluded, over objection:
 A. I felt that Mr. Cheyney was impaired and that he was under the influence of alcohol at the time of the arrest. T.49.
All of the assigned errors address the foundation and testimony of the officer as to that part dealing with the horizontal gaze nystagmus test.
Appellant claims favor of Bresson, supra, for each of his postulates.
 I and II.
We conclude that the evidence was sufficient to qualify the foundational, threshold requirements of training and ability to administer the test. The first and second assignments of error are overruled.
 III.
It is clear from an examination of the transcript that the testimony was not based solely on the HGN results. The third assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Medina Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- JOHN R. MILLIGAN FOR THE COURT
SLABY, P. J., BAIRD, J., CONCUR